Nicola Patullo
vs. } No. 81626.
Sheindal Tanenbaum.

March 6, 1931.

HAHN, J. Action of assumpsit, tried without intervention of a jury, for balance due on a contract to build two 2½ story dwelling houses with

two garages, at the corner of Sackett and Emerson streets in Providence, for the sum of $33,000, $16,500 for each house, and also for certain extras. Defendant has paid on acccount of said sum of $33,000 an amount which leaves a balance due to the plaintiff, not considering extras, of $7,354.35.

The most substantial portion of the claim for extras is that the houses were originally intended to be built in the same manner as houses at 17 and 19 Ruskin street, Providence, but in building the houses in question the sun rooms, which were on the front of the Ruskin Street houses, could not be built on the front of the present houses, but had to be built on the side, and the plaintiff claims that the change from building the sun rooms on the front to the side, with certain changes in the piazzas thereby rendered necessary, was an extra not contemplated in the contract to build for $33,000.

The extras claimed in plaintiff's bill of particulars, which total $2200, include $1950 for the beforementioned change of sun rooms from the front to the side of the houses and changes in the piazzas rendered necessary thereby and the further sum of $250 for installing doors and other work necessary in completing a kitchen in each third floor tenement.

The strong preponderance of the evidence is that the plaintiff based his bid upon the specifications and blue prints which are in evidence and which include the sun rooms and piazzas as they are now built. There are many elements confirmatory of this position which need not be stated in detail here, one of which, however, stood out very clearly in that the plaintiff, although given ample opportunity, was unable to give with any particularity the items forming this claim for extras, excepting as to the item of $250 hereinbefore referred to. Had they really been extras, he certainly would have kept them very carefully. They would, had such claim existed, undoubtedly have formed a part of his first bill of particulars, which fact would have been much more convincing of his position in the matter.

There is a certain claim for extras, amounting to $192, for two dish closets and four doors, which is undoubtedly a part of the $250 referred to in the bill of particulars. At his own figures these come to $192, which is allowed, plus $7354.35, equals, $7546.36, which is his entire claim, and against this the defendant has a claim for poor workmanship, certain requirements of the contract which were not performed in accordance therewith, and for rent of certain tenements which were not completed at the time agreed upon and under the terms of the contract. Defendant was to have $40 a week for each tenement every week after January 1st, 1927, for such non-completion. There is considerable question as to the amount of time between January 1st and the completion of the houses. The preponderance of the evidence shows the amount payable to be $480.

As to the work not done, there are two items. One is that the contract called for staggered columns in the cellar to support the main wall. A fair price for this, on the testimony, would be $150. Another item is plastering the cellars in both houses. This is called for by the contract, and a fair price for the same would be $300. As to the remainder of the work, all items of work improperly done were fully considered and testified by experts presented by both sides, as well as a view taken by the court in company with one expert from each side.

The work done and materials furnished by the plaintiff, according to the preponderance of the evidence and substantiated by the view, did not in

many particulars measure up to the standard of workmanship, and materials required by the contract. In this regard it may be stated the plaster work was very poor, and the preponderance of the evidence shows that it was not properly mixed and not laid nor dried under a proper temperature. Some of the gutters were slanted in the wrong direction. The front of the third floors of the houses sagged toward the street. The cement work on the front steps was poor and some of the brick work irregular and faulty. Experts disagreed very widely as to what would be necessary to correct these matters and the expense thereof, and no expert gave any testimony as to the reasonableness of the estimated cost to make the corrections according to the requirements of the experts on the other side, so that the Court was obliged to use its own judgment in weighing these amounts and considering their reasonableness. Although the Court has carefully considered each item which was made the basis of a claim of faulty construction or materials and the cost of correcting same, it is not considered desirable in this rescript to set out the conclusions item by item, as such procedure would probably prolong the litigation interminably. Had the case been tried before a jury, the jury would have considered what they heard and saw and reached a conclusion which would have been reviewable by the Court on question of its reasonableness, and it seems to the Court that such disposition is desirable in cases of this character when tried without the intervention of a jury.

The Court has not taken the figures of either side except insofar as they appeared reasonable from the Court's own judgment in matters of this kind, having in mind the rather usual (but not commendable) efforts of litigants to increase or decrease to their own advantage the amount required to correct faulty construction.

The Court finds that to correct the work and bring it reasonably up to the standard required by the contract would cost $4200, and in addition thereto allows the rent of $480, the items for the staggered columns in the cellar $150, and the plastering in the cellars, $300, making a total of $5130. Subtracting this from the amount of the plaintiff's claim of $7,546.35, leaves $2,416.35, for which amount, together with interest from September 12, 1929, the date of the writ, the plaintiff is entitled to decision.

For plaintiff: Michael Addeo.

For defendant: Frank H. Bellin, P. S. Knauer.